## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC GENARD ALBRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-298 |
| | ) | |
| ASHLEY WOOD, GARRETT | ) | |
| EMMONS, and TIMOTHY R. | ) | |
| WALMSLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

Plaintiff, who is incarcerated at Wheeler Correctional Facility in Alamo, Georgia, doc. 18, has filed a 42 U.S.C. § 1983 action in which he alleges misconduct by the detective, prosecutor, and judge during his state criminal proceedings. Docs. 1, 21. The Court granted plaintiff's motion for leave to proceed *in forma pauperis* (IFP), doc. 3, and he has provided all requested documentation, docs. 6, 7. The Court now screens Plaintiff's Amended Complaint,[1] doc. 21, pursuant to 28 U.S.C. § 1915A.

---

[1] "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can.*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982).

1

## BACKGROUND[2]

In his Amended Complaint, plaintiff outlines various criminal proceedings arising from his July 25, 2018 arrest for aggravated assault by strangulation. Doc. 21-1. It appears there are two criminal cases at issue, (1) the charges for the 2018 aggravated assault incident, and (2) the revocation of plaintiff's probation for a prior conviction. *Id.*

A review of the transcript from plaintiff's February 1, 2019 probation revocation hearing indicates plaintiff's probation was revoked based on his admission of using drugs in 2018 and the judge's determination that he likely committed the 2018 assault, both of which violated the conditions of his probation for his prior conviction. Doc. 8 at 38.[3] Plaintiff, however, notes the alleged victim, during the probation

---

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[3] Plaintiff submitted to the Court the transcript for the February 1, 2019 probation revocation hearing, during which plaintiff admitted to Judge Walmsley that he used drugs in violation of his probation, and Judge Walmsley in turn revoked plaintiff's probation due in part to plaintiff's use of narcotics. Doc. 8 at 29, 31, 38. The Court may consider the contents of the transcript in screening this action, as plaintiff specifically referenced the hearing transcript in his Amended Complaint. Doc. 21-1 at 1; *see Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally

revocation hearing, testified she did not recall saying she was assaulted. Doc. 21-1 at 1.

Plaintiff also alleges Detective Wood, of the Savannah Police Department, initially testified under oath during plaintiff's September 4, 2018 preliminary hearing (for the July 25, 2018 aggravated assault charge) that there were observed injuries on the victim and that she thought forensics took pictures. *Id.* at 1–2. Then, during the February 1, 2019 probation revocation hearing, Detective Wood changed her testimony to testify she saw no visible injuries and she had not taken pictures. *Id.* at 2. Plaintiff contends Detective Wood committed the crime of perjury. *Id.*

Plaintiff alleges defendant Emmons, the Assistant District Attorney who signed plaintiff's indictment papers for the July 25, 2018 incident, obtained a fraudulent indictment based on this perjury. *Id.* at 2–3. Plaintiff contends defendant Emmons was aware of Detective Wood's perjury and, despite this, used her as the sole witness on the indictment. *Id.* at 3. He also contends defendant Emmons then

---

be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

encouraged Detective Wood to change her testimony at the probation hearing because he knew there was no evidence to support her initial testimony.  He further alleges Judge Walmsley revoked his probation without any evidence of a crime in violation of his constitutional rights. *Id.*

Plaintiff, through this § 1983 action, appears to challenge the February 1, 2019 revocation of his probation, his 2018 arrest and subsequent imprisonment, as well as the criminal charges stemming from the July 25, 2018 incident.  He seeks relief from prison and the charges and also asks the Court to investigate the alleged crimes against him.  Further, he seeks redress for false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. Doc. 21-2.

## ANALYSIS

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees.  In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable

complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court now screens plaintiff's claims under 28 U.S.C. § 1915A.

## I.  Judge Walmsley and A.D.A. Emmons

The Court finds plaintiff's claims against defendant Judge Walmsley and defendant A.D.A. Emmons cannot survive its § 1915A screening, as both these defendants have immunity.

"Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009). Of note, "[a] judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." *Id.* (citation omitted). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Here, there is no allegation that Judge Walmsley was not acting within his

5

judicial capacity or without jurisdiction when he revoked plaintiff's probation.  As a result, he is entitled to judicial immunity in this action, and plaintiff's claims against him should be dismissed.

Similarly, plaintiff's claims against defendant Emmons, the Assistant District Attorney, should be dismissed.  Prosecutors too are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate."  *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).  They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution."  *Id.*  This immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'"  *Id.* (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case.  A prosecutor is immune for malicious prosecution.  Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted); *see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and

suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for alleged conspiring to withhold evidence and to create and proffer perjured testimony).

Here, the Court finds the doctrine of prosecutorial immunity bars plaintiff's claims against defendant Emmons, even when taking into consideration plaintiff's allegations concerning the alleged use of perjured testimony.[4]   For these reasons, plaintiff's claims against defendants Walmsley and Emmons should be dismissed.

## II.  Detective Wood

The Court now turns to plaintiff's § 1983 claims against Detective

---

[4] Even if plaintiff could show prosecutorial immunity did not apply, the only claim he has alleged against defendant Emmons appears to be one of malicious prosecution, along with some vague allegations of conspiracy related to such prosecution. However, as discussed in the following section, a malicious prosecution claim does not even "accrue until the criminal proceedings have terminated in the plaintiff's favor." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).  Here, there is no indication of a favorable termination to plaintiff's aggravated assault charge or his probation revocation, and thus any claim of malicious prosecution against defendant Emmons would fail at this stage, as it cannot possibly have accrued.  *See Laskar v. Hurd*, 972 F.3d 1278, 1293 (11th Cir. 2020) ([T]he favorable-termination requirement will bar a suit for malicious prosecution . . . when the prosecution remains ongoing."), *pet. for cert. filed* Mar. 22 2021.

Wood, whom plaintiff alleges committed perjury during his September 4, 2018 preliminary hearing.  Doc. 21-1 at 2.  Plaintiff, in his Amended Complaint, seeks redress for "false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress."  Doc. 21-2 at 1.  The Court considers these claims below.[5]

## A.   False Arrest and False Imprisonment Claims

"False arrest and false imprisonment overlap; the former is a species of the latter."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  "[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest."  *Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020).  A § 1983 claim for false imprisonment is "based on a detention pursuant to that arrest [that lacked probable cause]."  *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996); *see also Wallace*, 549 U.S. at 389 ("[F]alse imprisonment consists of detention without legal process.").  Further, "false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is

---

[5] As there is no recognized § 1983 claim of intentional infliction of emotion distress, *see Rubin v. City of Miami Beach*, 2019 WL 11470833, at *4 (S.D. Fla. Feb. 12, 2019) ("[A]n intentional infliction of emotional distress claim under Section 1983 is not a viable claim for relief."), the Court considers the viability of such claim in a later section addressing plaintiff's state tort law claims.

bound over by a magistrate or arraigned on charges." *Id.*[6]

While asserting claims of false arrest and false imprisonment, plaintiff fails to allege any specific involvement by defendant Wood in his July 25, 2018 arrest or to otherwise claim defendant Wood caused his initial arrest and imprisonment. *See Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) ("Causation is an essential element of a section 1983 cause of action."). Rather, the allegations of his Amended Complaint only concern defendant Wood's testimony at his September 4, 2018 preliminary hearing, during which she testified to seeing red marks on the victim's neck. Doc. 21-1 at 1.

Additionally, there are no allegations in the Amended Complaint that the July 25, 2018 arrest was made without probable cause. *See Wright v. Dodd*, 438 F. App'x 805, 806–07 (11th Cir. 2011) (affirming

---

[6] Where "a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 393–94. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394. However, the claim must be worth staying. Accordingly, in this case, the Court finds it necessary to first considers the merits of plaintiff's claims of false arrest and imprisonment. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("[D]istrict courts may bypass the impediment of the *Heck* doctrine and address the merits of the case.").

district court's *sua sponte* dismissal of false arrest claim, where complaint "[did] not allege any facts showing that the police lacked probable cause to arrest him."); *see also Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (explaining existence of probable cause is absolute bar to § 1983 claim for false arrest).  In fact, plaintiff admits that on the date of his arrest for aggravated assault by strangulation the alleged victim called 911 and made an accusation against him.  Doc. 21-1 at 1.  "Generally, an officer is entitled to rely on a victim's criminal complaint as support for probable cause."  *Rankin*, 133 F.3d at 1441.[7]  In the context of a § 1983 claim, plaintiff has a burden to demonstrate the absence of probable cause.  *Evans v. Hightower*, 117 F.3d 1318, 1320 (11th Cir.1997) ("In order to establish a Fourth Amendment violation, [plaintiff] must demonstrate that a seizure occurred and that it was unreasonable.").

As plaintiff has not alleged a sufficient causal connection connecting his arrest and initial imprisonment to defendant Wood and as he has not alleged the arrest lacked probable cause, the Court finds any

---

[7] According to the transcript from the February 1, 2019 probation revocation hearing, defendant Wood testified the alleged victim told her "she felt like [plaintiff] was choking the life out of her."  Doc. 8 at 21.  This mirrored her prior testimony from the September 4, 2018 preliminary hearing, which plaintiff also submitted to the Court for review.  *Id*. at 45.

claims of false arrest and false imprisonment against defendant Wood should be dismissed for failure to state a claim.[8]

Once process has been issued or there is an arraignment, any unlawful detention falls under the "'entirely distinct' tort of malicious prosecution." *Wallace*, 549 U.S. at 390. In the next section, the Court considers the viability of a § 1983 malicious prosecution claim against defendant Wood.

**B.   Malicious Prosecution Claim**

"[T]he tort of malicious prosecution requires a seizure 'pursuant to legal process.'" *Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016) (citation omitted). "[W]arrant-based seizures fall within this category. So do seizures following an arraignment, indictment, or probable-cause hearing." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citation omitted).

In order to establish a federal malicious prosecution claim under

---

[8] It is not clear from the Amended Complaint whether plaintiff's initial arrest was with or without a warrant. If he was arrested pursuant to a warrant, then this would be yet another reason to dismiss any claims of false arrest or false imprisonment. Claims of false arrest or false imprisonment stem from seizures without legal process, such as warrantless arrests, whereas "warrant-based seizures fall within [the category of malicious prosecution]." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020).

§ 1983, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks omitted); *see also Williams*, 965 F.3d at 1157 ("[T]his Court uses 'malicious prosecution' as only 'a shorthand way of describing' certain claims of unlawful seizure under the Fourth Amendment.").

The elements of the common law tort of malicious prosecution include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Paez*, 915 F.3d at 1285 (citation omitted).

> [T]he favorable-termination element requires only that the criminal proceedings against the plaintiff formally end in a manner not inconsistent with his innocence on at least one charge that authorized his confinement. A formal end to criminal proceedings will satisfy this standard unless it precludes any finding that the plaintiff was innocent of the charges that justified his seizure, which occurs only when the prosecution ends in the plaintiff's conviction on or admission of guilt to each charge that justified his seizure.

*Laskar v. Hurd*, 972 F.3d 1278, 1295 (11th Cir. 2020), *pet. for cert. filed* Mar. 22, 2021.

Here, there is no indication in the Amended Complaint that there was a favorable termination to plaintiff's aggravated assault charge or his probation revocation.  Without a favorable termination, any claim of malicious prosecution related to the aggravated assault charge or the probation revocation has not accrued, and therefore such claim must be dismissed.  *See Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994) (holding § 1983 cause of action "for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

Based on the above, the Court concludes plaintiff has no viable § 1983 claims for damages against defendant Wood, and recommends that such claims be DISMISSED.

### III.   Miscellaneous Injunctive Relief

The Court also addresses plaintiff's various requests for injunctive relief.  Plaintiff's request for "relief from prison and this charge," doc. 21-2, cannot survive the Court's § 1915A screening.  "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement."  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citation and quotation marks omitted).  Plaintiff's request for the dismissal of the

pending state criminal charge, which also challenges the very fact of his confinement, likewise "cannot be granted in the § 1983 context." *Wright*, 438 F. App'x at 807 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Such challenges would need to be pursued through a habeas petition and not a civil rights action. *Bradley v. Pryor*, 305 F.3d 1287, 1289 (11th Cir. 2002) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.").[9]

Plaintiff also requests the Court to "investigate this crime against the court and me, and hold those accountable for their crime." Doc. 21-2. However, the Court does not have the authority to order federal or state authorities to initiate an investigation or prosecution. *Otero v. United States Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (per curiam) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another."); *see also Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir. 1977) ("[F]ederal courts have no authority to address state officials out of office or to fire state employees."), *jugmt. rev. on other*

---

[9] *See* U.S.C. 2254(b)(1)(A) (providing writ of habeas corpus may not be granted unless petitioner has exhausted the remedies available in the state courts).

14

*grounds by Alabama v. Pugh*, 438 U.S. 781 (1978).[10]

Finally, principles of equity, comity, and federalism lead federal courts to generally "abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir.2008) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). There are exceptions to this rule when (1) there is a "great and immediate" danger of irreparable injury; (2) the state law is "flagrantly and patently violative of express constitutional prohibitions"; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances that call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46–54); *Cole v. State of Florida*, 2010 WL 2711861, at *3 n.4 (N.D. Fla. June 3, 2010). Here, there is no indication any of these circumstances exist. Accordingly, there are no grounds for this Court to interfere with the state court's criminal

---

[10] Plaintiff even submitted a "Criminal Complaint" against defendant Wood in this case, alleging the crime of perjury. Doc. 19. Of course, as plaintiff has no right to initiate a criminal prosecution in the name of the United States, his "Criminal Complaint" will be disregarded by the Court. *See Smith v. Krieger,* 389 F. App'x 789, 798–99 (10th Cir. 2010) (noting United States Attorney General and his delegates have exclusive statutory power to prosecute crimes in the names of the United States, and thus private citizen had "no right to initiate a criminal prosecution in the name of the United States.").

proceedings.

## IV.   State Law Claims

As a final matter, the Court considers whether plaintiff's state law claims can proceed in light of its recommendation of dismissal of plaintiff's § 1983 claims.   Plaintiff has asserted claims of intentional infliction of emotional distress, false arrest, false imprisonment, and malicious prosecution, doc. 21-3, all of which are recognized as torts under Georgia law.   *See* O.C.G.A. § 51-7-1 (false arrest); O.C.G.A. § 51-7-20 (false imprisonment); O.C.G.A. § 51-7-40 (malicious prosecution); *Trimble v. Circuit City Stores, Inc.*, 469 S.E.2d 776, 778 (Ga. App. 1996) (outlining elements for tort of intentional infliction of emotional distress).

If plaintiff seeks to proceed against any of the defendants under Georgia's tort laws, he must connect these state law claims to at least one viable constitutional claim or otherwise state a separate basis for this Court's jurisdiction over such claims.   *See Williams v. Morales*, 2018 WL 2087247, at *3 (S.D. Ga. May 4, 2018) (*citing inter alia, Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). [11]

---

[11]   Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and shall have supplemental jurisdiction over state law claims that "form part of the same case or controversy under Article III of the United States Constitution."   28 U.S.C. §

Here, the Court has recommended dismissal of all of plaintiff's § 1983 claims.  As plaintiff fails to assert an independent jurisdictional basis for any state law claims,[12] his state tort claims should be dismissed for lack of jurisdiction.  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").   Accordingly, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims and they should be **DISMISSED**.

## CONCLUSION

For all the foregoing reasons, it is **RECOMMENDED** that plaintiff's action be **DISMISSED** in its entirety.

Meanwhile, it is time for plaintiff to pay his filing fees.  Plaintiff's prisoner trust fund account statement reflects $110.59 in average monthly deposits.  Based upon his furnished information, he owes a $22.12 initial partial filing fee.  *See* 28 U.S.C. § 1915(b)(1) (requiring an

---

1367(a).

[12]  Rule 8 of the Federal Rules of Civil Procedure requires that a pleading state "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  The only basis for jurisdiction asserted in plaintiff's Amended Complaint is § 1983.  Doc. 21.

initial fee assessment "when funds exist," under a specific 20 percent formula). Furthermore, the custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.[13]

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

---

[13] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED,** this 16th day of June, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA