IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC GENARD ALBRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV419-298 |
| | ) | |
| ASHLEY WOOD, SPD | ) | |
| Detective/Savannah, Ga.; | ) | |
| GARRETT EMMONS, Assistant | ) | |
| District Attorney/Savannah, | ) | |
| Ga.; and TIMOTHY R. WALMSLEY, | ) | |
| Superior Court Judge/Savannah, | ) | |
| Ga.; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**O R D E R**

Before the Court is the Magistrate Judge's June 16, 2021, Report and Recommendation (Doc. 22), to which Plaintiff has filed objections (Doc. 23). After a careful review of the record,[1] Plaintiff's objections are **OVERRULED** (Doc. 23) and the report and recommendation (Doc. 22) is **ADOPTED** as the Court's opinion in this case. As a result, Plaintiff's claims are **DISMISSED**. The Court will briefly address Plaintiff's objections.

---

[1] The Court reviews de novo a magistrate judge's findings to which a plaintiff has filed an objection; the Court reviews the portions of a report and recommendation to which no objection is made for clear error. Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (outlining the standard of review for report and recommendations)).

I.   JUDGE TIMOTHY R. WALMSLEY AND ASSISTANT DISTRICT ATTORNEY GARRETT EMMONS ARE IMMUNE FROM SUIT

Plaintiff's complaint appears to arise from alleged errors occurring during Plaintiff's 2018 state criminal prosecution for aggravated assault and his subsequent probation revocation. (Doc. 21, Attach. 1 at 1.) The Magistrate Judge recommended dismissal of all of Plaintiff's claims against Defendants Superior Court Judge Timothy R. Walmsley and Assistant District Attorney Garrett Emmons based on their respective judicial and prosecutorial immunities. (Doc. 22 at 5-7.)

Plaintiff's only discernable objection to Judge Walmsley's judicial immunity was to state that Judge Walmsley "[e]ither . . . made a prejudicial error are prejudice bias [sic.]." (Doc. 23 at 16.) Neither assertion addresses whether Judge Walmsley acted in the clear absence of jurisdiction, which is the deficiency the Magistrate Judge identified. (Doc. 22 at 5); McBrearty v. Koji, 348 F. App'x 437, 439 (11th Cir. 2009) (per curiam) ("Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." (citing Mireles v. Waco, 502 U.S. 9, 12, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991))). Accordingly, the Court finds Judge Walmsley is entitled to judicial immunity.

Plaintiff briefly addresses A.D.A. Emmons's claim to immunity. After alleging that A.D.A. Emmons acted unethically and criminally in prosecuting Plaintiff (Doc. 23 at 7, 10-12), Plaintiff argues Jones v. Cannon, 174 F.3d 1271 (11th Cir. 1999), is distinguishable because it does "not tak[e] into account a prosecutor[] doing criminal acts, breaking the law to initiate a criminal prosecution[.]" (Doc. 23 at 12.) Plaintiff's interpretation of the scope of prosecutorial immunity is too narrow. Plaintiff's allegations concern A.D.A. Emmons's pursuit of an indictment (Id. at 7) and use of testimony in Plaintiff's probation revocation hearing (Id. at 10-11). As Plaintiff concedes, A.D.A. Emmons's allegedly improper conduct occurred "in open court" (Id. at 13), and concerns his role as an advocate in the initiation and pursuit of a criminal prosecution. See Jones, 174 F.3d at 1281. "Prosecutorial immunity extends to filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, . . . [and] threatening . . . further criminal prosecutions. In short, [a] prosecutor is immune for malicious prosecution." Hoffman v. Off. of the State Att'y, Fourth Jud. Cir., 793 F. App'x 945, 950 (11th Cir. 2019) (internal quotation marks and citation omitted) (quoting Hart v. Hodges, 587 F.3d 1288, 1295 (11th Cir. 2009)). Prosecutors also have "absolute immunity for claims of conspiracy

3

to commit perjury based on a witness's allegedly false testimony . . . at a post-conviction hearing." Rehberg v. Paulk, 611 F.3d 828, 839 (11th Cir. 2010) (quotation omitted), appealed on other grounds and aff'd, 566 U.S. 356, 132 S. Ct. 1497, 182 L. Ed. 2d 593 (2012). Accordingly, the Court finds the doctrines of judicial and prosecutorial immunity bar Plaintiff's claims against Judge Walmsley and A.D.A. Emmons, and Plaintiff's claims against these defendants are dismissed.

## II.   PLAINTIFF FAILS TO STATE COGNIZABLE CLAIMS AGAINST DETECTIVE ASHLEY WOOD

The Magistrate Judge recommended that Plaintiff's false arrest and false imprisonment claims against Detective Ashley Wood be dismissed because Plaintiff failed to allege specific facts showing Detective Wood was involved in Plaintiff's arrest or that Plaintiff was arrested without probable cause. (Doc. 22 at 9-11.) On the contrary, the Magistrate Judge found the facts alleged affirmatively established the existence of probable cause. (Id. at 10.) Plaintiff argues the arrest lacked probable cause, and his objection is principally occupied with making additional allegations against Detective Wood concerning her involvement in Plaintiff's arrest. (Doc. 23 at 3-4.) Plaintiff argues that the police reports document the absence of any recorded injuries on the alleged victim of Plaintiff's assault. (Id. at 3.) Plaintiff then discusses events at the preliminary hearing. (Id. at 4-5.)

None of the facts advanced in Plaintiff's objection contradict the Magistrate Judge's conclusion that, based on information volunteered by Plaintiff, Plaintiff's alleged victim called 911 and made accusations against him, providing law enforcement with the requisite probable cause to arrest him. (Doc. 22 at 10 (citing Doc. 21, Attach. 1 at 1).) The Court, therefore, finds that Plaintiff has not sufficiently alleged that his arrest and detention lacked probable cause and that Plaintiff's claims of false arrest and false imprisonment should be dismissed. Cf. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks and citation omitted)).

The Magistrate Judge also recommended that the malicious prosecution claim against Detective Wood be dismissed because Plaintiff did not allege that any of the underlying proceedings had terminated in his favor. (Doc. 22 at 13 (citing Heck v. Humphrey, 512 U.S. 477, 489-90, 114 S. Ct. 2364, 2374, 129 L. Ed. 2d 383 (1994)).) In his objection, Plaintiff does not contest the fact that no termination in his favor has occurred. (Doc. 23 at 13.) Instead, he contends that the "normal rule and law should not apply." (Id.) The Court will not ignore well-established law, and

5

this Court concurs that Plaintiff's malicious prosecution claim must be dismissed.

The Court also notes that Plaintiff's objection includes numerous allegations that Defendants violated various criminal laws and committed various state-law torts.[2] As the Magistrate Judge correctly observed, however, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (citation omitted); (Doc. 22 at 14.) Plaintiff also alleges that because Detective Wood and A.D.A. Emmons colluded to deprive him of his rights, his case presents one of those unusual circumstances warranting federal intervention in a state criminal proceeding. (Doc. 23 at 14.) In Mitchum v. Foster, the Supreme Court outlined the narrow circumstances which warrant such action, explaining that only "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against pending state prosecutions appropriate." 407 U.S. 225, 230, 92 S. Ct. 2151, 2156, 32 L. Ed. 2d 705 (1972) (quoting Perez v. Ledesma, 401 U.S. 82, 85, 91 S. Ct. 674, 677, 27 L. Ed. 2d 701 (1971)). Based on Plaintiff's allegations, the Court

---

2 Plaintiff alleges Detective Wood committed perjury at Plaintiff's preliminary hearing and probation revocation hearing (Doc. 23 at 5, 9) and refers to false imprisonment under Georgia law and fraudulent indictment under New York law (Id. at 7).

concurs with the Magistrate Judge that there is no basis for federal intervention in this case. (Doc. 22 at 15.) Finally, since the Court adopts the Magistrate Judge's recommendation that Plaintiff's § 1983 claims should be dismissed for the reasons explained above, the Court declines to exercise supplemental jurisdiction over any of Plaintiff's state law claims.

## CONCLUSION

Accordingly, Plaintiff's objections are **OVERRULED** and the report and recommendation is **ADOPTED** as the Court's opinion in this case (Doc. 22). Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED this _12th_ day of October 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA